IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | **COMPLAINT** |
| ADECCO USA, INC., | ) ) ) | **AND JURY TRIAL DEMAND** |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Terry Young, who was adversely affected by such practices. As alleged with greater particularity in Paragraphs 15–23 below, the U.S. Equal Employment Opportunity Commission alleges that Defendant Adecco USA, Inc. refused to hire/refer Young for positions with other covered employers on the basis of his disabilities and because Defendant regarded him as a person with a disability.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act or 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) & (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 198la.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission ("the Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action under Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) & (3).

4. At all relevant times, Defendant Adecco USA, Inc. ("Defendant"), a Delaware corporation, has continuously been doing business in the Commonwealth of Pennsylvania and the City of Corry and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) & (h).

6. At all relevant times, Defendant has also been an employment agency within the meaning of Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

8. In each calendar year 2015 and 2016, Defendant continuously employed more than 500 employees.

## ADMINISTRATIVE PROCEDURES

9. More than 30 days prior to the institution of this lawsuit, Charging Party Terry Young filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

10. On November 1, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the unlawful employment practices described in the Letter of Determination.

12. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. On March 8, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. Since on or about April 27, 2016, Defendant has engaged in unlawful employment practices at its office in Corry, Pennsylvania, in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

16. Young is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 & 12111(8). Since childhood, Young has had a mental impairment (intellectual disability) that substantially limits his major life activities, including but

not limited to learning, thinking, and reading, and major bodily functions, including but not limited to brain function. He also has other mental impairments (major-depressive disorder, bipolar disorder, schizophrenia-spectrum disorder, and autism-spectrum disorder) that substantially limit major life activities, including but not limited to learning, thinking, and reading, and major bodily functions, including but not limited to brain function.

17. Defendant regarded Young as having a disability in that Defendant subjected him to adverse employment actions, as described below, because of his non-minor and non-transitory mental impairment(s).

18. At all relevant times, Young was qualified to perform, with or without reasonable accommodation, the essential functions of the job for which he applied at Defendant on or about April 27, 2016.

19. Beginning on or about April 27, 2016, Defendant subjected Young to unlawful employment practices on the basis of his disabilities and because it regarded him as having a disability in violation of Section 102(a), (b)(1), (b)(3)(A), and (b)(6) of the ADA, 42 U.S.C. § 12112(a), (b)(1), (b)(3)(A) & (b)(6), including but not limited to the following conduct:

   a. On or about April 27, 2016, Young went to Defendant's office in Corry, Pennsylvania, to apply for a position working at a production facility in Waterford, Pennsylvania. Upon information and belief, in April 2016, the Waterford production facility either was owned by KLN Family Brands or had recently been acquired by Shearer's Foods, LLC. Both KLN Family Brands and Shearer's Foods, LLC, are covered entities and employers engaged in an industry affecting commerce within the meaning of the ADA.

      b.      Upon information and belief, the position at the Waterford production facility involved snack-food packaging and distribution.

      c.      Defendant required Young to take several tests that day as part of its application process, including a principally mathematics test and a principally behavioral-assessment test.

      d.      Before beginning the tests, Young asked Recruiter Kathryn Clayton, Defendant's representative with whom he had been speaking, if there was reading on the tests and told Clayton words to the effect that he has difficulty with reading comprehension. Clayton responded that there was reading on the tests. He then asked if someone could read the tests to him. Clayton responded that Defendant's personnel would not read the tests to him.

      e.      Young took the mathematics test and passed. Then he took the behavioral-assessment test and scored 0%. When he completed that test, Clayton told him that he had not achieved a sufficiently high score to proceed with the application process.

      f.      Clayton then told Young that he could retake the second test. Young agreed to retake it and asked again if someone could read it to him. At this point, Clayton arranged for another Defendant employee, who upon information and belief was Recruiter Shandon Cross, to read the test aloud to him.

      g.      Young retook the behavioral-assessment test with Cross reading the test aloud to him. He passed this test, qualifying himself for referral/placement in the Waterford-production-facility position and other production, manufacturing, and light-industrial positions.

  h. After Young finished retaking the behavioral-assessment test, Clayton showed him a short video about the position at the Waterford production facility.

  i. When the video ended, Clayton told Young that he was "too slow" for the position at the Waterford production facility. Instead of offering Young the position at the Waterford production facility, Defendant, acting through Clayton, offered to place Young in a lower-paying, car washing/detailing position approximately 45 miles from his home.

  j. After telling Young that he was too slow, on or about April 27, 2016, Defendant offered employment to several individuals who applied for the same position at the Waterford production facility or other light-industrial positions.

  k. At no time on or after April 27, 2016, did Defendant ever offer or contact Young regarding a position at the Waterford production facility or a production, manufacturing, or light-industrial position with any of Defendant's customers or contact him about the opportunity for such positions.

20. The effects of the practices complained of in Paragraph 19 above have been to deprive Young of equal employment opportunities and otherwise adversely affect his status as an applicant for employment on the basis of his disabilities and because Defendant regarded him as having a disability.

21. The unlawful employment practices complained of in Paragraph 19 above were intentional.

22. The unlawful employment practices complained of in Paragraph 19 above were done with malice or reckless indifference to Young's federally protected rights.

23. The effects of the unlawful employment practices complained of in Paragraph 19 above have been to inflict emotional distress, pain, suffering, inconvenience, loss of enjoyment

of life, and humiliation upon Young and deprive him of the financial and other benefits of employment.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from discriminating in the procurement of employment on the basis of actual or perceived disability and enjoining other unlawful employment practices that discriminate on the basis of actual or perceived disability.

B.  Order Defendant to institute and carry out training, policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities; that ensure job applicants are not subjected to discrimination, including but not limited to implementation of a set of approved training, policies, practices, and programs pertaining to Defendant's Corry, Pennsylvania, location and any business operations related thereto, such as multiunit management and human-resource functions; and that are designed to eradicate the effects of Defendant's past and present unlawful employment practices.

C.  Order Defendant to submit periodic reports to the Commission identifying all complaints or observations of potential disability harassment, disability discrimination, or retaliation, interference, threats, coercion, or intimidation for exercise or enjoyment of rights protected by the ADA that pertain to its Corry, Pennsylvania, location and any corrective actions taken in response to those complaints or observations.

D. Order Defendant to make whole Young by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Defendant to make whole Young by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 15–23 above, in amounts to be determined at trial.

F. Order Defendant to make whole Young by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in Paragraphs 15–23 above, including emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined al trial.

G. Order Defendant to pay Young punitive damages for its malicious and reckless conduct described in Paragraphs 15–23 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems to be necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JAMES L. LEE
ACTING GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
Washington, DC


DEBRA M. LAWRENCE
REGIONAL ATTORNEY
EEOC – Philadelphia District Office

*[signature]*     Signed with authorization from Ronald L. Phillips

RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
Ohio I.D. No. 0070263
EEOC – Baltimore Field Office
City Crescent Building, 3d Floor
10 South Howard Street
Baltimore, MD 21201
Phone: 410-209-2737
Fax: 410-962-4270
ronald.phillips@eeoc.gov

*[signature]*

GREGORY A. MURRAY
TRIAL ATTORNEY
Pa. I.D. No. 316144
EEOC – Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Phone: 412-395-5844
Fax: 412-395-5949
gregory.murray@eeoc.gov