UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

---

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : <br> : <br> : |
| Plaintiff, | : <br> : Case No. 1:18-cv-00250-SPB |
| v. | : <br> : |
| ADECCO USA, INC., | : *Electronically Filed* <br> : |
| Defendant. | : |

---

### ANSWER AND DEFENSES OF DEFENDANT ADECCO USA, INC.

Defendant Adecco USA, Inc. ("Adecco") answers the Complaint filed by the U.S. Equal Employment Opportunity Commission (the "Commission"). All allegations of the Complaint not specifically admitted herein are denied.

### RESPONSE TO NATURE OF THE ACTION[1]

In response to the unnumbered Paragraph below the heading "Nature of the Action," Adecco states that this Paragraph is admitted in part, denied in part. It is admitted only that the Commission purports to bring an action under the Americans with Disabilities Act as alleged. The remaining allegations in this Paragraph are denied.

### RESPONSE TO JURSIDCTION AND VENUE

1.  Denied. The allegations in Paragraph 1 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required,

---

[1] The Section titles from the Commission's Complaint are included in this Answer for ease of reference only.

Adecco does not contest this Court's subject matter jurisdiction over the Commission's claims. Adecco denies all liability and denies that the Commission is entitled to the relief demanded.

2. Denied. The allegations in Paragraph 2 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Adecco does not contest venue. Adecco denies all liability and denies that the Commission is entitled to the relief demanded.

## **RESPONSE TO PARTIES**

3. Admitted. The allegations contained in Paragraph 3 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Adecco admits that the Commission has authority to bring this action.

4. Admitted.

5. Denied. The allegations contained in Paragraph 5 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations in this Paragraph are denied.

6. Denied. The allegations contained in Paragraph 6 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations in this Paragraph are denied.

7. Denied. The allegations contained in Paragraph 7 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations in this Paragraph are denied.

8. Admitted.

## **RESPONSE TO ADMINSTRATIVE PROCEEDINGS**

9. Denied. The allegations in Paragraph 9 of the Complaint constitute characterizations of a written document to which no responsive pleading is required. The charge of discrimination filed with the Commission speaks for itself; Adecco denies all allegations inconsistent with the document. Further, Adecco lacks information or knowledge sufficient to form a belief as to the truth of when Mr. Young filed a charge of discrimination and therefore denies the allegations of this Paragraph on this additional basis.

10. Denied. The allegations in Paragraph 10 of the Complaint constitute characterizations of a written document to which no responsive pleading is required. The November 1, 2017 Letter of Determination speaks for itself; Adecco denies all allegations inconsistent with the document. Further, Adecco lacks information or knowledge sufficient to form a belief as to the truth of when the Commission issued the Letter of Determination and therefore denies the allegations of this Paragraph on this additional basis.

11. Admitted in part, denied in part. It is admitted only that the Commission and Adecco engaged in communications relating to this matter. Adecco is without knowledge or information sufficient to a form a belief as to the truth of the remaining allegations in this Paragraph of the Complaint, and accordingly denies such allegations.

12. Admitted in part, denied in part. It is admitted only that the Commission and Adecco did not reach a conciliation agreement. Adecco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph of the Complaint, and accordingly denies such allegations.

13. Denied. The allegations in Paragraph 13 of the Complaint constitute characterizations of a written document to which no responsive pleading is required. The

March 8, 2018 Notice of Failure of Conciliation speaks for itself; Adecco denies all allegations inconsistent with the document. Further, Adecco lacks information or knowledge sufficient to form a belief as to the truth of when the Commission issued a Notice of Failure of Conciliation and therefore denies the allegations of this Paragraph on this additional basis.

14. Denied. The allegations in Paragraph 14 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations in this Paragraph are denied.

## **RESPONSE TO STATEMENT OF CLAIMS**

15. Denied. The allegations in Paragraph 15 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations in this Paragraph are denied.

16. Denied. Certain of the allegations in Paragraph 16 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Adecco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and accordingly denies such allegations

17. Denied. The allegations in Paragraph 17 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations in this Paragraph are denied.

18. Denied. The allegations in Paragraph 18 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations in this Paragraph are denied.

19. Denied. The allegations in Paragraph 19 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations in this Paragraph are denied.

   a. Admitted in part, denied in part. Certain of the allegations in this subpart (a) constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Adecco admits only that Mr. Young came to its office in Corry, Pennsylvania on April 27, 2016. Adecco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this subpart, and accordingly denies such allegations.

   b. Admitted.

   c. Admitted

   d. Denied.

   e. Admitted in part, denied in part. It is admitted only that Mr. Young took the mathematics test and passed and then took the behavioral assessment test and scored 0%. The remaining allegations in this subpart are denied.

   f. Admitted in part, denied in part. It is admitted only that Clayton informed Mr. Young that he could retake the test. The remaining allegations in this subpart are denied.

   g. Admitted in part, denied in part. It is admitted only that Mr. Young retook the behavioral assessment. The remaining allegations in this subpart are denied.

   h. Denied.

    i. Admitted in part, denied in part. It is admitted only that Adecco offered Mr. Young an auto-detailing position. The remaining allegations in this subpart are denied.

    j. Admitted in part, denied in part. It is admitted only that on or after April 27, 2016, Adecco offered employment at the Waterford production facility and other light-industrial facilities to other applicants. The remaining allegations in this subpart are denied.

    k. Denied as stated. On May 5, 2016, Adecco offered Mr. Young a production position at an auto dealer customer of Defendant.

  20. Denied. The allegations in Paragraph 20 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations in this Paragraph are denied.

  21. Denied. The allegations in Paragraph 21 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations in this Paragraph are denied.

  22. Denied. The allegations in Paragraph 22 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations in this Paragraph are denied.

  23. Denied. The allegations in Paragraph 23 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations in this Paragraph are denied.

## RESPONSE TO PRAYER FOR RELIEF

In response to the unnumbered WHEREFORE clause set forth in Complaint, Adecco denies the allegations and the appropriateness or permissibility of the relief sought therein and further denies that the Commission is entitled to any relief and/or damages.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a clam, in whole or in part, upon which relief can be granted.

### SECOND DEFENSE

The Commission's Complaint fails to state a claim for punitive damages against Adecco upon which relief can be granted because at all times Adecco made good faith efforts to comply with the applicable laws and did not act with malice or willful and/or reckless disregard or indifference towards Charging Party Terry Young's rights or interests.

### THIRD DEFENSE

The Commission's claims may be barred, in whole or in part, by the applicable statute of limitations.

### FOURTH DEFENSE

The Commission's claims may be barred, in whole or in part, by the equitable doctrines of estoppel, release, laches, and/or waiver.

### FIFTH DEFENSE

The Commission's claims may be barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH DEFENSE

The Commission's claims may be barred, in whole or in part, for failure to comply with and/or exhaust the administrative prerequisites and/or jurisdictional prerequisites to an action.

### SEVENTH DEFENSE

The Commission's claims are not actionable because the challenged employment practices are justified by legitimate, non-discriminatory, and non-pretextual business reasons unrelated to disability.

### EIGHTH DEFENSE

If Mr. Young suffered any injury, the injury is not due to the acts of Adecco.

### NINTH DEFENSE

The Commission's claims are not warranted by existing law or by non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

### TENTH DEFENSE

The Complaint fails to state a proper claim for compensatory or punitive damages as all of Adecco's challenged actions were the product of good faith efforts as defined in 42 USC § 1981a(a)(3).

### ELEVENTH DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted, as Mr. Young is not disabled nor was he regarded as disabled as those term are defined in the Americans with Disabilities Act, as amended.

## TWEFLTH DEFENSE

Mr. Young is not a qualified individual with a disability under Section 101(8) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111(8).

## THIRTEENTH DEFENSE

Mr. Young is not otherwise qualified within the meaning of Section 102 of the ADA, 42 U.S.C. § 12112.

## FOURTEENTH DEFENSE

The Commission's Complaint fails to state a cause of action upon which relief may be granted as Mr. Young failed to notify Adecco of the existence of a disability as that term is defined in the Americans with Disabilities Act, as amended.

## FIFTEENTH DEFENSE

The Commission did not fulfill its statutory requirement to investigate this matter in good faith, as required by 42 U.S.C. § 2000e-5(b).

Adecco's Answer and Affirmative Defenses are based upon the specific allegations in the Complaint, and Adecco reserves the right to amend this Answer or add additional affirmative defenses if and when they become known.

WHEREFORE, Adecco denies that the Commission is entitled to any relief and requests that the Court dismiss the Complaint with prejudice in its entirety; that it enter judgment in Adecco's favor and against the Commission on all Counts; and that this Court award Adecco its costs and attorneys' fees incurred in defending this action and such other relief as it deems appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | OGLETREE, DEAKINS, NASH SMOAK & STEWART, P.C. |
| Dated:  February 28, 2018 | By: */s/ Jennifer G. Betts* |

        Jennifer G. Betts (PA ID #209699)
        Jennifer.Betts@ogletree.com
        Jacqueline R. Barrett (*Pro Hac* anticipated)
        Jacqueline.Barrett@ogletree.com
        Brian R. Ellixson (*Pro Hac* anticipated)
        Brian.Ellixson@ogletree.com

        One PPG Place, Suite 1900
        Pittsburgh, PA 15222
        Telephone:  412.394.3333
        Fax:  412.232.1799

        Attorneys for Defendant
        *Adecco USA, Inc.*

37350116.3