# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**,

    Plaintiff,

    v.

**ADECCO USA, INC.**,

    Defendant.

Case No. 1:18-cv-250-SPB

Hon. Susan Paradise Baxter

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") instituted this action on August 28, 2018, against Defendant Adecco USA, Inc. ("Defendant"), to enforce provisions of Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices and to provide relief to Charging Party Terry Young, who was allegedly adversely affected by such practices. EEOC alleged that Defendant violated the ADA by refusing to hire Mr. Young because of his disability.

2. The Court docketed Defendant's Amended Answer to the Complaint on May 13, 2019. Defendant denies liability.

3. In the interest of resolving this case, and as a result of having engaged in comprehensive settlement negotiations, EEOC and Defendant (collectively, "the Parties") have agreed that this action should be finally resolved by entry of this Consent Decree ("the Decree"). The Parties agree that this Decree fully and finally resolves the ADA claims stated in the Complaint and embodies the Parties' full and exclusive agreement with respect to the matters settled. This

Decree shall not constitute or be construed as an admission by Defendant of any violation of the ADA.

## FINDINGS

4. Having carefully examined the terms of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

   (a) This Court has jurisdiction over the Parties and the subject matter of this action;

   (b) The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the Parties and Charging Party Terry Young, and the public interest are adequately protected by this Decree; and

   (c) This Decree conforms with the Federal Rules of Civil Procedure and the ADA, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA and will be in the best interests of the Parties, Charging Party Terry Young, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

## EFFECTIVE DATE, DURATION AND GEOGRAPHIC SCOPE OF DECREE, AND RETENTION OF JURISDICTION

5. The effective date of this Decree ("Effective Date") shall be the date that the Court approves and enters the Decree as a final order.

6. This Decree shall become effective immediately upon the Effective Date and shall remain in effect until its expiration date, which shall be one and one-half (1.5) years (e.g., eighteen (18) months) immediately following entry of the Decree, provided, however, that if at the end of the one-and-one-half-year (1.5-year) period, any dispute under Paragraphs 26 and 27, below, remains unresolved, the terms of the Decree shall be automatically extended until the Par-

ties resolve the dispute or a court of competent jurisdiction's final disposition of the dispute, whichever is earlier.

7. The provisions of this Decree shall apply to Defendant's office at 118 North Center Street, Corry, Pennsylvania 16407, or, during the duration of this Decree, any other place to which that office may relocate within a fifty-mile (50-mile) radius of Corry, Pennsylvania (hereinafter, "the Covered Facility").

8. For the duration of this Decree, this Court shall retain jurisdiction over this action to enforce the terms of the Decree and shall have all available remedies to enforce the Decree, including but not limited to monetary sanctions and injunctive relief.

## INJUNCTION

9. Defendant, its present and future owners, directors, officers, managers, successors, and assigns are enjoined from engaging in any employment practice that discriminates on the basis of disability, including but not limited to refusing to hire applicants because of a disability, including learning and other mental disabilities, or perceived disability and failing to reasonably accommodate applicants with disabilities.

## MONETARY RELIEF

10. Defendant agrees to pay monetary relief to Charging Party Terry Young in the total amount of forty-nine thousand five hundred dollars ($49,500.00), which shall constitute compensatory damages for emotional distress. Defendant shall issue one check for the compensatory-damages amount made payable to Terry Young. Charging Party Terry Young agrees, that in consideration for the money paid to him by Defendant, he waives his right to recover for any claims arising under the ADA that he had against Defendant prior to the Effective Date of this Decree that were included in the claims alleged by EEOC's Complaint in this action. The executed waiver of Charging Party Terry Young is attached as Exhibit B.

11. The payment referenced in Paragraph 10 shall be made either (a) within ten (10) business days of the Effective Date or (b) upon receipt from EEOC of a fully executed ADA Release and Waiver in the form attached as Exhibit B, whichever date is later.

12. At the time that such tax documents are issued to other persons, Defendant shall issue to Charging Party Terry Young an IRS Form 1099-MISC for the monetary relief amount constituting compensatory damages.

13. Defendant will mail the check for monetary relief via certified U.S. mail or express overnight delivery to Charging Party Terry Young at an address to be provided by EEOC. Defendant will transmit a photocopy of the check and proof of delivery to EEOC to the attention of Gregory A. Murray, Senior Trial Attorney, U.S. Equal Employment Opportunity Commission, Pittsburgh Area Office, William S. Moorhead Federal Building, 1000 Liberty Avenue, Suite 1112, Pittsburgh, Pennsylvania 15222, within five (5) business days of the date of delivery of the check to Charging Party Terry Young.

## POSTING OF NOTICE

14. Within five (5) business days of the Effective Date, Defendant shall conspicuously post a physical copy of the notice attached hereto as Exhibit A (the "Notice"), on the bulletin board(s) usually used by it for communicating with all employees at the Covered Facility. The Notice shall remain posted for one and one-half (1.5) years (e.g., eighteen (18) months) from the Effective Date. Defendant shall take all reasonable steps to ensure that the posted Notice is not altered, defaced, or covered by any other material. Defendant shall certify to EEOC in writing within ten (10) business days after the Effective Date that the Notice has been properly posted. Defendant shall permit a representative of EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## EQUAL EMPLOYMENT OPPORTUNITY POLICIES AND PROCEDURES

15.     No later than upon the completion of its current annual review and revision of company-wide employment policies, Defendant shall modify its preexisting policy that prohibits disability discrimination to state expressly that it prohibits such discrimination against job applicants in employment screening and hiring processes and requires that job applicants be provided with reasonable accommodations in the screening and hiring processes, including reasonable accommodations regarding the administration and use of any preemployment test. Defendant shall distribute its modified policy to all employees within thirty (30) days of its implementation and, as to each subsequently hired or placed employee, at the time of hire.

## ADA TRAINING

16.     In addition to the yearly training it already provides, Defendant shall retain, at its own expense, a qualified third-party consultant to provide all employees at the Covered Facility with at least two (2) hours of training regarding the following ADA subjects:

(a)     what constitutes disability discrimination;

(b)     how to prevent disability discrimination;

(c)     proper recruitment, screening, and hiring procedures that do not discriminate against applicants because of disabilities, including learning and other mental disabilities, or perceived disabilities;

(d)     proper use of preemployment tests as screening mechanisms in ways that do not discriminate against applicants because of disabilities, including learning and other mental disabilities, or perceived disabilities; and

(e)     identification and implementation of reasonable accommodations that allow applicants with disabilities, including learning and other mental disabilities, to complete required preemployment tests consistent with the requirements of the ADA.

17. The following employees at the Covered Facility shall be required to complete the training described in Paragraph 16, above: any employee whose job duties include making screening, qualification, or hiring decisions; administering employment tests; acting on requests for reasonable accommodation; receiving complaints of disability discrimination; conducting disability-discrimination investigations; or making decisions regarding preventive and corrective action concerning disability discrimination.

18. Defendant shall provide the training described in Paragraph 16, above, within ninety (90) days of the Effective Date, and within thirty (30) days of the start of employment for all new hires in such positions covered by Paragraph 17. EEOC must be notified, in writing, of the identity and qualifications of the trainer, all content of such training (including training manuals and handout materials), method(s) of presentation, length of the training course, and the name and job title of each attendee within one (1) month of such training. The first training session may be videotaped, and the videotaped version may be used in subsequent training sessions.

## REPORTING PROVISIONS

19. For the duration of this Decree, Defendant shall furnish reports to EEOC semi-annually following the Effective Date concerning any lawsuits, charges, complaints, or other allegations (oral or written, formal or informal) reported pursuant to Defendant's policies (including reports to company representatives, other managers or supervisors, or Defendant's designated hotline for reporting such complaints) of alleged disability discrimination regarding the Covered Facility received after the Effective Date, if any. Each such report shall contain the following:

(a) the full name, last known residence address, and last known telephone number(s) of any individual who instituted the lawsuit or charge or has made a complaint or other allegation;

(b) a full description of the allegations of disability discrimination;

(c) the full name and job title of the person(s) alleged to have engaged in the disability discrimination;

(d) a full description of any statements or information provided by the person(s) alleged to have engaged in the disability discrimination;

(e) the date that the lawsuit or charge was instituted or the complaint or other allegation was made;

(f) the full name, last known residence address, and last known telephone number(s) of any person(s) believed to possess relevant knowledge concerning the allegations and a statement whether Defendant has conducted an interview of such person(s); and

(g) all actions taken by Defendant in response to the allegations, including but not limited to a description of any investigation or corrective actions.

20. Defendant shall append to such reports all documents received from the person making the allegations, all documents related to any witness interviews (e.g., affidavits, interview notes, memoranda, etc.), any other material compiled for purposes of investigating the allegations, and all investigative reports or memoranda. Defendant may refrain from appending to such reports any documents generated by or at the direction of counsel for the purposes of defense of pending or anticipated litigation.

21. The first report shall be due six (6) months from the Effective Date, with subsequent reports due every six (6) months thereafter, with the final report due one (1) month prior to the expiration of this Decree.

## RECORD RETENTION

22. For the duration of this Decree, Defendant shall retain all personnel, payroll, complaint, and other personnel documents of any character related to any person who has made a complaint of or reporting disability discrimination at the Covered Facility following the Effective

7

Date, as well as all documents relating to any person who was accused of such conduct or known to be a witness thereto.

23. For the duration of this Decree, Defendant shall retain all applications for employment, preemployment tests and the results thereof, requests for reasonable accommodations that would have allowed applicants with disabilities to complete preemployment tests, and documents reflecting denial-of-hire decisions submitted at the Covered Facility following the Effective Date.

24. Defendant's obligation to maintain records, as set forth in this section, is not intended to nor does it limit or replace Defendant's obligation to retain records as set forth in federal law or EEOC regulations, such as 29 C.F.R. § 1602.14. Defendant shall comply with 29 C.F.R. § 1602.14.

25. Defendant shall make all documents that are the subject of this Decree available for inspection and copying within fifteen business (15) days of receiving a written request from EEOC for such documents.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

26. Upon motion of EEOC, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Prior to such motion, EEOC shall notify Defendant, in writing, of the alleged noncompliance. Upon receipt of written notice, Defendant shall have fifteen (15) business days either to correct the alleged noncompliance and so inform EEOC, or deny the alleged noncompliance, in writing.

27. If the Parties cannot in good faith resolve their dispute, EEOC may file with the Court a motion to correct and remedy the breach, to which Defendant will have an opportunity to respond in writing no fewer than fourteen (14) days prior to any hearing being scheduled. In the event that a dispute under Paragraph 26 remains unresolved after the 18-month period set forth in

Paragraph 6, EEOC may file a motion to correct or remedy the alleged breach within 14 days of its receipt of Defendant's notice of its correction or denial of noncompliance. If EEOC does not file such a motion within the aforementioned 14-day period, the Decree shall no longer automatically extend pursuant to Paragraph 6 and shall instead expire.

28.  Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Western District of Pennsylvania.

29.  For the duration of the Decree, EEOC, its agents, and its employees shall in their discretion have the legal authority to enter the Covered Facility, with fourteen (14) business days' prior notice to Defendant and its counsel, and conduct an onsite inspection to ensure compliance with the ADA and any of the terms of this Decree. Such inspections may, at the discretion of EEOC, include access to any and all documents subject to this Decree for the purposes of inspection and duplication; interviews of any persons; inspection of any area within the Covered Facility; and any other investigatory technique or procedure permitted by the ADA or EEOC's regulations. EEOC shall also have the legal authority to require appearance and testimony of Defendant's personnel, at reasonable times and locations, at interviews and the production of documents subject to this Decree to ensure compliance with the ADA and any of the terms of this Decree. If Defendant objects to any request made by EEOC pursuant to this Paragraph, it shall make any such objections in writing and within a reasonable time of the request. If the Parties cannot resolve the objections, then the dispute-resolution procedures of Paragraphs 26 and 27 shall apply to any remaining dispute. Neither EEOC's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other EEOC authority to conduct investigations of Defendant that is provided by law, including but not limited to investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act of 1963, as amended ("EPA"); the Age Discrimination in

Employment Act of 1967, as amended ("ADEA"); Titles I or V of the Americans with Disabilities Act of 1990, as amended; the Genetic Information Nondiscrimination Act of 2008; and any statute over which EEOC is given jurisdiction in the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

## MISCELLANEOUS PROVISIONS

30. Each Party shall bear its own costs, expenses, and attorney's fees in this action, including the costs of compliance and monitoring.

31. This Decree constitutes the entire agreement and commitments of the Parties on the matters raised herein, and no other statement, promise, or agreement, either written or oral, made by either Party or an agent of any Party not contained in this Decree shall be enforceable.

32. The terms of this Decree shall be binding upon Defendant and all its present and future owners, directors, officers, managers, agents, representatives, successors, and assigns.

33. Defendant, and any successor of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This Paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

34. If any provision of this Decree is found to be unlawful, only the specific provision in question shall be affected and all other provisions of this Decree shall remain in full force and effect.

35. When this Decree requires Defendant to submit reports, notices, or other materials to EEOC, Defendant shall deliver them to:

    Gregory A. Murray
    Senior Trial Attorney
    U.S. Equal Employment Opportunity Commission
    Pittsburgh Area Office
    William S. Moorhead Federal Building
    1000 Liberty Avenue, Suite 1112
    Pittsburgh, PA 15222
    Email: gregory.murray@eeoc.gov

36.    Any prior notice to be provided by EEOC to Defendant in accordance with this Decree shall be made to the following persons:

    Vanessa Hodgerson
    Adecco Group North America
    10151 Deerwood Park Boulevard
    Building 200, Suite 400
    Jacksonville, FL 32256
    Email: Vanessa.hodgerson@adeccogroup.com

    Jennifer G. Betts
    Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
    One PPG Place
    Suite 1900
    Pittsburgh, PA 15222
    Email: Jennifer.betts@ogletree.com

37.    In the event that the Parties propose to make any modification to this Decree by their mutual consent, they shall submit such proposed modification to the Court by Joint Motion, and such modification shall not be effective unless approved by order of the Court. No waiver, modification, or amendment of any provision of this Decree shall be effective unless in writing, signed by the Parties to this Decree, and approved by the Court.

[The remainder of this page was intentionally left blank.]

**AGREED BY:**

For Plaintiff U.S. Equal Employment Opportunity Commission:

SHARON FAST GUSTAFSON
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

_p.p. [signature]_
DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: 10/10/19

_p.p. [signature]_
RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY

Dated: 10/10/19

[signature]
GREGORY A. MURRAY
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 316144
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Phone: 412-588-6907
Fax: 412-395-5749
Email: gregory.murray@eeoc.gov

Dated: 10/10/19

For Defendant Adecco USA, Inc.:

[signature]
JENNIFER G. BETTS
Pa. I.D. No. 209699
Ogletree Deakins Nash Smoak & Stewart
One PPG Place, Suite 1900
Pittsburgh, PA 15222
Phone: 412-246-0153
Fax: 412-232-1799
Email: jenn.betts@ogletree.com

*Counsel for Defendant Adecco USA, Inc.*

Dated: 10/22/19

Vanessa S. Hockerson
Name

Associate General Counsel
Title

[signature]
Signature

*Authorized Representative of Adecco USA, Inc.*

Dated: 10/22/19

**IT IS SO ORDERED:**

_____
DATE

_____
HONORABLE SUSAN PARADISE BAXTER
United States District Judge

12

# Exhibit A:

# Notice



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Website: www.eeoc.gov

# NOTICE TO ALL EMPLOYEES OF ADECCO USA, INC.

This Notice is being posted pursuant to a federal-court order entered in *U.S. EEOC v. Adecco USA, Inc.*, Civil Action No. 1:18-cv-250 (W.D. Pa.), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("the EEOC"), an agency of the United States Government, against Adecco USA, Inc. ("Adecco").

In its lawsuit, the EEOC alleged that Adecco discriminated against a job applicant with learning and other mental disabilities by refusing to hire him because of his disabilities. Adecco denied liability.

To resolve the case, Adecco and the EEOC have entered into a Consent Decree which provides, among other things, that:

1) Adecco is prohibited by federal-court order and federal law from discriminating against job applicants and employees on the basis of disability, including learning and other mental disabilities; and

2) Adecco will provide mandatory training to all employees at this Facility regarding disability discrimination and Adecco's policies regarding disability discrimination.

The EEOC enforces the federal laws against employment discrimination on the bases of disability, race, color, sex (including pregnancy and related conditions), religion, national origin, age, or genetic identity. If you believe that you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have a right under federal law to contact the EEOC and report that discrimination or retaliation. EEOC can be reached at 800-669-4000, TTY for the hearing impaired at 800-669-6820, or via email at info@eeoc.gov. The EEOC is a federal law-enforcement agency and charges no fees to receive and investigate complaints.

**This OFFICIAL NOTICE must remain posted for one and one-half (1.5) years (e.g., eighteen (18) months) from the date below and must not be altered, defaced, or covered by any other material.**

_____        _____
Date                                Name

                                    _____
                                    Job Title

                                    _____
                                    Signature

                                    For Adecco USA, Inc.

# Exhibit B:

# Release and Waiver

## ADA Discrimination Claim Release and Waiver

Pursuant to the Consent Decree entered in *U.S. Equal Employment Opportunity Commission v. Adecco USA, Inc.*, Civil Action No. 1:18-cv-250 (W.D. Pa.), and in consideration of payment in the gross amount of forty-nine thousand five hundred dollars ($49,500.00), all of which shall be considered compensatory damages, I, Terry Alen Young, hereby agree to release Adecco USA, Inc., and its successors and assigns from any claim that I may have under the Americans with Disabilities Act of 1990, as amended ("ADA"), for discrimination on the basis of disability that is set forth in the EEOC Complaint in the above-styled and numbered action. I further agree and covenant that I will not institute any civil action against Adecco USA, Inc., and its successors and assigns regarding the aforementioned ADA claims.

_____
Terry Alen Young (signature)

10-9-19
_____
Date